2015 Ark. 383

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE ADMINISTRATIVE ORDER NUMBER 9 – COMPENSATORY TIME RECORD POLICY FOR ARKANSAS OFFICIAL COURT REPORTERS | **Opinion Delivered** October 22, 2015 |

## PER CURIAM

Administrative Order Number 9 (A) is amended as follows:

## ADMINISTRATIVE ORDER NUMBER 9

A. *Procedures*. To ensure statewide compliance with the Fair Labor Standards Act of 1938 (29 U.S.C. § 207(o)(6)), each official court reporter shall complete the time records required by the Administrative Office of the Courts ("AOC"), ~~all sections of the Compensatory Time Record For Arkansas Official Court Reporters form, which is appended hereto~~, sign the time record~~s~~ to certify that they ~~it~~ correctly report~~s~~ all hours worked in excess of the 40 hour work week that are not excluded by 29 U.S.C. § 207(o), and monthly submit the record~~s~~ to his/her appointing judge for approval. The time record forms shall be approved by the Arkansas Supreme Court, which is authorized to amend them from time to time as may be necessary.

The appointing judge shall approve and sign each monthly record certifying that, to the best of his/her knowledge, the time record reflects a true and accurate record of compensatory time earned for all hours worked in excess of the 40 hour work week, as

defined by the Fair Labor Standards Act ("FLSA"). The appointing judge shall grant the court reporter compensatory time at the rate of one and one-half times the number of hours worked in excess of the 40 hour work week pursuant to this policy.

For the purpose of determining the 40 hour FLSA work week, the established work week shall begin on Saturday at 12:01 a.m. and continue through Friday at 12:00 midnight. Any time excluded by 29 U.S.C. § 207(o) and any time taken off for holidays, compensatory time leave, sick leave, annual leave or any other purpose during the week shall not be counted in determining whether the employee has worked 40 hours.

The appointing judge shall be responsible for maintaining the approved time record and shall forward copies ~~of the previous three months records within the first fifteen days of every calendar quarter (i.e., January 15, April 15, July 15, and October 15)~~ to the ~~Administrative Office of the Courts ("AOC")~~ <u>at the time and in the manner directed by the AOC</u>. The time records shall be retained by the AOC for <u>the period required by law.</u>~~three years or until completion of an audit by the State Auditor's Office of the AOC, whichever is longer.~~

Court reporters shall be permitted to use accrued compensatory time as soon as possible when the court is not in session and without unduly disrupting the operations of the court. The appointing judge shall approve use of compensatory time. Compensatory time may be used in lieu of sick leave or annual leave.

Under no circumstances shall the outstanding balance of compensatory time exceed 90 hours. The appointing judges are responsible for ensuring that court reporters do not

exceed this maximum balance of compensatory time.

Accrued compensatory time should be used prior to the employee's termination of employment. If accrued compensatory time is not used prior to the employee's termination of employment, the appointing judge shall hold the official court reporter position vacant for a period equivalent to the period for which accrued compensatory time is paid. The payment for compensatory time shall be at the ending rate of pay for the employee.

The compensatory time records for official reporters is not intended for use by substitute court reporters. Substitute court reporters shall be governed by the provisions of Ark. Code Ann. § 16-13-509 as described in the AOC publication, Arkansas State Trial Court Employee Manual Employment Guide.

B. *Enforcement*. The failure of court reporters to comply with the requirements of this Order shall constitute grounds for discipline under the provisions of Section 19(c) of the Regulations of the Board of Certified Court Reporter Examiners and Section 7 of the Rule Providing for Certification of Court Reporters. (ii) The failure of appointing judges to comply with the requirements of this Order shall constitute grounds for discipline under the provisions of Canon 3 (C) of the Arkansas Code of Judicial Conduct.

Except for these amendments, which are effective immediately, no other term or provision of Administrative Order Number 9 is amended, and it shall remain in full force and effect.

**CLEAN VERSION**

A. *Procedures*. To ensure statewide compliance with the Fair Labor Standards Act of 1938 (29 U.S.C. § 207(o)(6)), each official court reporter shall complete the time records required by the Administrative Office of the Courts ("AOC"), sign the time records to certify that they correctly report all hours worked in excess of the 40 hour work week that are not excluded by 29 U.S.C. § 207(o), and monthly submit the records to his/her appointing judge for approval. The time record forms shall be prepared by the AOC, which is authorized to amend them from time to time as may be necessary.

The appointing judge shall approve and sign each monthly record certifying that, to the best of his/her knowledge, the time record reflects a true and accurate record of compensatory time earned for all hours worked in excess of the 40 hour work week, as defined by the Fair Labor Standards Act ("FLSA"). The appointing judge shall grant the court reporter compensatory time at the rate of one and one-half times the number of hours worked in excess of the 40 hour work week pursuant to this policy.

For the purpose of determining the 40 hour FLSA work week, the established work week shall begin on Saturday at 12:01 a.m. and continue through Friday at 12:00 midnight. Any time excluded by 29 U.S.C. § 207(o) and any time taken off for holidays, compensatory time leave, sick leave, annual leave or any other purpose during the week shall not be counted in determining whether the employee has worked 40 hours.

The appointing judge shall be responsible for maintaining the approved time record and shall forward copies to the AOC at the time and in the manner directed by the AOC. The time records shall be retained by the AOC for the period required by law.

Court reporters shall be permitted to use accrued compensatory time as soon as possible when the court is not in session and without unduly disrupting the operations of the court. The appointing judge shall approve use of compensatory time. Compensatory time may be used in lieu of sick leave or annual leave.

Under no circumstances shall the outstanding balance of compensatory time exceed 90 hours. The appointing judges are responsible for ensuring that court reporters do not exceed this maximum balance of compensatory time.

Accrued compensatory time should be used prior to the employee's termination of employment. If accrued compensatory time is not used prior to the employee's termination of employment, the appointing judge shall hold the official court reporter position vacant for a period equivalent to the period for which accrued compensatory time is paid. The payment for compensatory time shall be at the ending rate of pay for the employee.

The compensatory time records for official reporters is not intended for use by substitute court reporters. Substitute court reporters shall be governed by the provisions of Ark. Code Ann. § 16-13-509 as described in the AOC publication, Arkansas State Trial Court Employment Guide.

B. *Enforcement.* (i) The failure of court reporters to comply with the requirements of this Order shall constitute grounds for discipline under the provisions of Section 19(c) of the Regulations of the Board of Certified Court Reporter Examiners and Section 7 of the Rule Providing for Certification of Court Reporters. (ii) The failure of appointing judges to comply with the requirements of this Order shall constitute grounds for discipline under the provisions of Canon 3 (C) of the Arkansas Code of Judicial Conduct.